## SUPREME COURT.

WASHINGTON LIFE INSURANCE COMPANY agt. LAWRENCE, and others.

An action for an *interpleader* under the Code, must take the same course and be governed by the same rules which controlled in chancery in such cases. No order granting the relief prayed for can be made until after all the defendants have failed either to *demur* or *answer* within the time allowed by the Code for an answer or demurrer to be served.

*New York Special Term, March*, 1865.

*Before* BARNARD, *Justice.*

THE plaintiff had commenced an action, which in the former chancery practice would have been a bill of interpleader, and he now, before the time to answer the complaint has expired, makes a motion for an order that the relief prayed for in his complaint be granted to him.

BARNARD, J. I think this order cannot be granted. If a plaintiff chooses to commence an action of interpleader, that action must be governed by the practice and rules which obtained in chancery in such cases. By that practice no such order as the one asked for could be granted until after the bill had been taken *pro confesso* as against all the defendants. Up to that time the defendants had a right to come in and demur to or answer the bill, and the issues raised by the demurrer or answer were then disposed of in the ordinary manner of disposing of issues; if the plaintiff succeeded on the issues, then he obtained his relief by the decree made thereon. An action under the Code for an interpleader, must take the same course. The defendants have a right within twenty days after the service of the summons and complaint on them to present their objections and defences to the complaint and the relief thereby asked, either by demurrer or answer.

An order granting such relief can only be made after all

the defendants have failed either to demur or answer within the time allowed by the Code for an answer or demurrer to be served. On this ground, without considering the other objections urged, I think the motion should be dismissed, with costs. The plaintiff, however, may apply *ex parte* for an injunction.